AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendant
PFIZER INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| | CASE NO. 3:08-cv-00199-CRB |
| *This document relates to* | |
| GARY COX, | **PFIZER INC.'S ANSWER TO COMPLAINT** |
| Plaintiff, | |
| | **JURY DEMAND ENDORSED HEREIN** |
| vs. | |
| PFIZER INC., | |
| Defendant. | |

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1      NOW COMES Defendant Pfizer Inc. ("Defendant"), and files this Answer to Plaintiff's

2  Complaint ("Complaint"), and would respectfully show the Court as follows:

3                                      I.

4                          **PRELIMINARY STATEMENT**

5      The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

6  Celebrex® (celecoxib) ("Celebrex®").  Accordingly, this Answer can only be drafted generally.

7  Defendant may seek leave to amend this Answer when discovery reveals the specific time

8  periods in which Plaintiff was prescribed and used Celebrex®.

9                                     II.

10                                  **ANSWER**

11  **Response to Allegations Regarding Parties, Jurisdiction, and Venue**

12  1.     Defendant is without knowledge or information sufficient to form a belief as to the truth

13  of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and

14  whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant denies the

15  remaining allegations in this paragraph of the Complaint.

16  2.     Defendant states that this paragraph of the Complaint contains legal contentions to

17  which no response is required.  To the extent that a response is deemed required, Defendant

18  admits that it is a Delaware corporation with its principal place of business in New York.

19  Defendant admits that it is registered to do and does business in the State of Maryland.

20  Defendant denies any wrongful conduct, denies having committed a tort in the State of

21  Maryland, and denies the remaining allegations in this paragraph of the Complaint.

22  3.     Plaintiff's Complaint omits paragraph number 3.

23  4.     Defendant states that this paragraph of the Complaint contains legal contentions to

24  which no response is required.  To the extent that a response is deemed required, Defendant is

25  without knowledge or information sufficient to form a belief as to the truth of the allegations in

26  this paragraph of the Complaint concerning Plaintiff's citizenship and the amount in

27  controversy, and, therefore, denies the same.  However, Defendant admits that Plaintiff claims

28  that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    interests and costs.    Defendant denies the remaining allegations in this paragraph of the

2    Complaint.

3    5.    Defendant states that this paragraph of the Complaint contains legal contentions to

4    which no response is required.    To the extent that a response is deemed required, Defendant is

5    without knowledge or information sufficient to form a belief as to the truth of the allegations in

6    this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore,

7    denies the same.    Defendant admits that, during certain periods of time, it marketed and co-

8    promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

9    law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendant

10   admits that it provided FDA-approved prescribing information regarding Celebrex®.

11   Defendant admits that it does business in the State of Maryland.    Defendant denies any

12   wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

**Response to Factual Allegations**

14   6.    Defendant admits that, during certain periods of time, it marketed and co-promoted

15   Celebrex® in the United States, including Maryland, to be prescribed by healthcare providers

16   who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

17   Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®.

18   Defendant denies the remaining allegations in this paragraph of the Complaint.

19   7.    Defendant is without knowledge or information sufficient to form a belief as to the truth

20   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21   Celebrex®, and, therefore, denies the same.    Defendant states that Celebrex® was and is safe

22   and effective when used in accordance with its FDA-approved prescribing information.

23   Defendant denies that Celebrex® caused Plaintiff injury or damage and denies the remaining

24   allegations in this paragraph of the Complaint.

25   8.    Defendant states that Celebrex® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.    Defendant states that the potential effects of

27   Celebrex® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

2    of the Complaint.

3    9.    Defendant admits that, during certain periods of time, it marketed and co-promoted

4    Celebrex® in the United States to be prescribed by healthcare providers who are by law

5    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits

6    that it provided FDA-approved prescribing information regarding Celebrex®.    Defendant

7    denies the remaining allegations in this paragraph of the Complaint.

8    10.    Defendant admits that Celebrex® is in a class of drugs that is, at times, referred to as

9    non-steroidal anti-inflammatory drugs ("NSAIDS").    Defendant states that Celebrex® is a

10    prescription medication which is approved by the FDA for the following indications: (1) for

11    relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

12    rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

13    treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

14    in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

15    surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

16    relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

17    and older.  Defendant denies the remaining allegations in this paragraph of the Complaint.

18    11.    Defendant states that Celebrex® was and is safe and effective when used in accordance

19    with its FDA-approved prescribing information.  Defendant denies any wrongful conduct and

20    denies the remaining allegations in this paragraph of the Complaint.

21    12.    Defendant states that Celebrex® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.  Defendant states that the potential effects of

23    Celebrex® were and are adequately described in its FDA-approved prescribing information,

24    which was at all times adequate and comported with applicable standards of care and law.

25    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

26    of the Complaint.

27    13.    Defendant states that Celebrex® was and is safe and effective when used in accordance

28    with its FDA-approved prescribing information.  Defendant states that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®. Defendant denies the remaining allegations in this paragraph of the Complaint.

14.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

15.     Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Negligence

16.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

17.     Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

18.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

19.     Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendant states that Celebrex® was and is safe and effective when used in accordance with its
2   FDA-approved prescribing information.   Defendant states that the potential effects of
3   Celebrex® were and are adequately described in its FDA-approved prescribing information,
4   which was at all times adequate and comported with applicable standards of care and law.
5   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or
6   damage, and denies the remaining allegations in this paragraph of the Complaint.

7   20.    Defendant states that this paragraph of the Complaint contains legal contentions to
8   which no response is required.   To the extent that a response is deemed required, Defendant
9   admits that it had duties as are imposed by law but denies having breached such duties.
10  Defendant states that Celebrex® was and is safe and effective when used in accordance with its
11  FDA-approved prescribing information.   Defendant states that the potential effects of
12  Celebrex® were and are adequately described in its FDA-approved prescribing information,
13  which was at all times adequate and comported with applicable standards of care and law.
14  Defendant states that Celebrex® caused Plaintiff injury or
15  damage, and denies the remaining allegations in this paragraph of the Complaint.

16         Answering the unnumbered paragraph following Paragraph 20 of the Complaint,
17  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or
18  damage, and denies the remaining allegations in this paragraph of the Complaint.

19         **Response to Second Cause of Action: Strict Products Liability**

20  21.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's
21  Complaint as if fully set forth herein.

22  22.    Defendant states that Celebrex® was and is safe and effective when used in accordance
23  with its FDA-approved prescribing information.   Defendant states that the potential effects of
24  Celebrex® were and are adequately described in its FDA-approved prescribing information,
25  which was at all times adequate and comported with applicable standards of care and law.
26  Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably
27  dangerous, and denies the remaining allegations in this paragraph of the Complaint.

28  23.    Defendant states that Celebrex® was and is safe and effective when used in accordance

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint.

24.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint.

26.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint.

27.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Celebrex® were and are adequately described in its FDA-approved prescribing information,

2   which was at all times adequate and comported with applicable standards of care and law.

3   Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

4   remaining allegations in this paragraph of the Complaint.

5   28.   Defendant states that Celebrex® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information.  Defendant states that the potential effects of

7   Celebrex® were and are adequately described in its FDA-approved prescribing information,

8   which was at all times adequate and comported with applicable standards of care and law.

9   Defendant denies any wrongful conduct, denies that Celebrex® is defective, denies that

10  Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this

11  paragraph of the Complaint.

12      Answering the unnumbered paragraph following Paragraph 28 of the Complaint,

13  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or

14  damage, and denies the remaining allegations in this paragraph of the Complaint.

15  **Response to Third Cause of Action: Fraud**

16  29.   Defendant incorporates by reference its responses to each paragraph of Plaintiff's

17  Complaint as if fully set forth herein.

18  30.   Defendant is without knowledge or information sufficient to form a belief as to the truth

19  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20  Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

21  and effective when used in accordance with its FDA-approved prescribing information.

22  Defendant states that the potential effects of Celebrex® were and are adequately described in its

23  FDA-approved prescribing information, which was at all times adequate and comported with

24  applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

25  Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this

26  paragraph of the Complaint.

27      Answering the unnumbered paragraph following Paragraph 30 of the Complaint,

28  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-8-

1    damage, and denies the remaining allegations in this paragraph of the Complaint.

2    <u>**Response to Fourth Cause of Action: Negligent Misrepresentation**</u>

3    31.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

4    Complaint as if fully set forth herein.

5    32.    Defendant admits that, during certain periods of time, it marketed and co-promoted

6    Celebrex® in the United States to be prescribed by healthcare providers who are by law

7    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states

8    that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

9    prescribing information.  Defendant states that the potential effects of Celebrex® were and are

10   adequately described in its FDA-approved prescribing information, which was at all times

11   adequate and comported with applicable standards of care and law.  Defendant denies any

12   wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

13   33.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

14   Complaint as if fully set forth herein.  Defendant is without knowledge or information sufficient

15   to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding

16   whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that

17   Celebrex® was and is safe and effective when used in accordance with its FDA-approved

18   prescribing information.  Defendant states that the potential effects of Celebrex® were and are

19   adequately described in its FDA-approved prescribing information, which was at all times

20   adequate and comported with applicable standards of care and law.  Defendant denies any

21   wrongful conduct, denies that Celebrex® is defective, denies that Celebrex® caused Plaintiff

22   injury or damage, and denies the remaining allegations in this paragraph of the Complaint,

23   including all subparts.

24   34.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury

25   or damage, and denies the remaining allegations in this paragraph of the Complaint.

26        Answering the unnumbered paragraph following Paragraph 34 of the Complaint,

27   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or

28   damage, and denies the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

**Response to Fifth Cause of Action: Express Warranty for Goods**

2   35.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

3   Complaint as if fully set forth herein.

4   36.    Defendant states that this paragraph of the Complaint contains legal contentions to

5   which no response is required.  To the extent that a response is deemed required, Defendant

6   admits that it had duties as are imposed by law but denies having breached such duties.

7   Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex®

8   in the United States to be prescribed by healthcare providers who are by law authorized to

9   prescribe drugs in accordance with their approval by the FDA.  Defendant states that Celebrex®

10  was and is safe and effective when used in accordance with its FDA-approved prescribing

11  information.  Defendant states that the potential effects of Celebrex® were and are adequately

12  described in its FDA-approved prescribing information, which was at all times adequate and

13  comported with applicable standards of care and law.  Defendant denies any wrongful conduct,

14  denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations

15  in this paragraph of the Complaint.

16          Answering the unnumbered paragraph following Paragraph 36 of the Complaint,

17  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or

18  damage, and denies the remaining allegations in this paragraph of the Complaint.

19  **Response to Sixth Cause of Action: Implied Warranty**

20  **A. Warranty of Merchantability**

21  37.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

22  Complaint as if fully set forth herein.

23  38.    Defendant is without knowledge or information sufficient to form a belief as to the truth

24  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25  Celebrex®, and, therefore, denies the same.  Defendant admits that, during certain periods of

26  time, it marketed and co-promoted Celebrex® in the United States to be prescribed by

27  healthcare providers who are by law authorized to prescribe drugs in accordance with their

28  approval by the FDA.  Defendant states that Celebrex® was and is safe and effective when used

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint.

39.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**B. Warranty of Fitness**

40.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

41.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

42.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 42 of the Complaint, Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Seventh Cause of Action: Unjust Enrichment

43.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

44.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and, therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the Complaint.

45.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

46.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 46 of the Complaint, Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

III.

## GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

IV.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendant affirmatively shows that:

## First Defense

1. The Complaint fails to state a claim upon which relief can be granted.

## Second Defense

2. Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Celebrex® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

## Third Defense

3. At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

## Fourth Defense

4. At all relevant times, Defendant's warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

## Fifth Defense

5. Plaintiff's action is time-barred as it is filed outside of the time permitted by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-13-

applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

**Sixth Defense**

6.     Plaintiff's action is barred by the statute of repose.

**Seventh Defense**

7.     Plaintiff's claims against Defendant are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiff's damages, and any recovery by Plaintiff should be diminished accordingly.

**Eighth Defense**

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

**Ninth Defense**

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendant affirmatively denies that it violated any duty owed to Plaintiff.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiff's

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   treating and prescribing physicians.

2   **Thirteenth Defense**

3   13.   The product at issue was not in a defective condition or unreasonably dangerous at the

4   time it left the control of the manufacturer or seller.

5   **Fourteenth Defense**

6   14.   Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

7   for its intended use and the warnings and instructions accompanying Celebrex® at the time of

8   the occurrence of the injuries alleged by Plaintiff was legally adequate for its approved usages.

9   **Fifteenth Defense**

10   15.   Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

11   Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable

12   standard of care.

13   **Sixteenth Defense**

14   16.   Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of

15   the product Celebrex® after the product left the control of Defendant and any liability of

16   Defendant is therefore barred.

17   **Seventeenth Defense**

18   17.   Plaintiff's alleged damages were not caused by any failure to warn on the part of

19   Defendant.

20   **Eighteenth Defense**

21   18.   Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

22   conditions unrelated to Celebrex®.

23   **Nineteenth Defense**

24   19.   Plaintiff knew or should have known of any risk associated with Celebrex®; therefore,

25   the doctrine of assumption of the risk bars or diminishes any recovery.

26   **Twentieth Defense**

27   20.   Plaintiff is barred from recovering against Defendant because Plaintiff's claims are

28   preempted in accordance with the Supremacy Clause of the United States Constitution and by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

2                        **Twenty-first Defense**

3    21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the

4    subject pharmaceutical product at issue was subject to and received pre-market approval by the

5    Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

6                       **Twenty-second Defense**

7    22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

8    Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

9    and Plaintiff's causes of action are preempted.

10                       **Twenty-third Defense**

11   23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

12   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

13   issue under applicable federal laws, regulations, and rules.

14                       **Twenty-fourth Defense**

15   24.    Plaintiff's claims are barred in whole or in part because there is no private right of action

16   concerning matters regulated by the Food and Drug Administration under applicable federal

17   laws, regulations, and rules.

18                        **Twenty-fifth Defense**

19   25.    Plaintiff's claims are barred in whole or in part because Defendant provided adequate

20   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of

21   Comment j to § 402A of the Restatement (Second) of Torts.

22                        **Twenty-sixth Defense**

23   26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because

24   Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement

25   (Second) of Torts § 402A, Comment k.

26                      **Twenty-seventh Defense**

27   27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

28   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   to § 6 of the Restatement (Third) of Torts: Products Liability.

2                                   **Twenty-eighth Defense**

3   28.     Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

4   Products Liability.

5                                   **Twenty-ninth Defense**

6   29.     To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts

7   sufficient under the law to justify an award of punitive damages.

8                                       **Thirtieth Defense**

9   30.     Defendant affirmatively avers that the imposition of punitive damages in this case would

10  violate Defendant's rights to procedural due process under both the Fourteenth Amendment of

11  the United States Constitution and the Constitutions of the States of Maryland and California,

12  and would additionally violate Defendant's rights to substantive due process under the

13  Fourteenth Amendment of the United States Constitution.

14                                    **Thirty-first Defense**

15  31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by State of

16  Maryland law and by the Fifth and Fourteenth Amendments to the United States Constitution.

17                                   **Thirty-second Defense**

18  32.     The imposition of punitive damages in this case would violate the First Amendment to

19  the United States Constitution.

20                                    **Thirty-third Defense**

21  33.     Plaintiff's punitive damage claims are preempted by federal law.

22                                   **Thirty-fourth Defense**

23  34.     In the event that reliance was placed upon Defendant's nonconformance to an express

24  representation, this action is barred as there was no reliance upon representations, if any, of

25  Defendant.

26                                    **Thirty-fifth Defense**

27  35.     Plaintiff failed to provide Defendant with timely notice of any alleged nonconformance to

28  any express representation.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Maryland and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient

1   standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy

2   Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*,

3   499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993);

4   *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v.*

5   *Campbell*, 538 U.S. 408 (2003).

6                              **Thirty-ninth Defense**

7   39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

8   and marketing of Celebrex®, if any, used in this case, included adequate warnings and

9   instructions with respect to the product's use in the package insert and other literature, and

10  conformed to the generally recognized, reasonably available, and reliable state of the knowledge

11  at the time the product was marketed.

12                              **Fortieth Defense**

13  40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested,

14  manufactured, and labeled in accordance with the state-of-the-art industry standards existing at

15  the time of the sale.

16                              **Forty-first Defense**

17  41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

18  and belief, such injuries and losses were caused by the actions of persons not having real or

19  apparent authority to take said actions on behalf of Defendant and over whom Defendant had no

20  control and for whom Defendant may not be held accountable.

21                              **Forty-second Defense**

22  42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

23  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

24  intended, and was distributed with adequate and sufficient warnings.

25                              **Forty-third Defense**

26  43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

27  waiver, and/or estoppel.

28

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Forty-fourth Defense**

2  44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-

3  existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses,

4  subsequent medical conditions, or natural courses of conditions of Plaintiff, and were

5  independent of or far removed from Defendant's conduct.

6

**Forty-fifth Defense**

7  45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

8  did not proximately cause injuries or damages to Plaintiff.

9

**Forty-sixth Defense**

10  46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did

11  not incur any ascertainable loss as a result of Defendant's conduct.

12

**Forty-seventh Defense**

13  47.    The claims asserted in the Complaint are barred, in whole or in part, because the

14  manufacturing, labeling, packaging, and any advertising of the product complied with the

15  applicable codes, standards, and regulations established, adopted, promulgated or approved by

16  any applicable regulatory body, including but not limited to the United States, any state, and any

17  agency thereof.

18

**Forty-eighth Defense**

19  48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the

20  product labeling contained the information that Plaintiff contends should have been provided.

21

**Forty-ninth Defense**

22  49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

23  outweighed its risks.

24

**Fiftieth Defense**

25  50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral

26  sources.

27

**Fifty-first Defense**

28  51.    Defendant's liability, if any, can only be determined after the percentages of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

2   any, are determined.  Defendant seeks an adjudication of the percentage of fault of Plaintiff and

3   each and every other person whose fault could have contributed to the alleged injuries and

4   damages, if any, of Plaintiff.

5                                   **Fifty-second Defense**

6   52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

7   common law gives deference to discretionary actions by the United States Food and Drug

8   Administration under the Federal Food, Drug, and Cosmetic Act.

9                                   **Fifty-third Defense**

10  53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

11  is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

12  ("FDCA"), 21 U.S.C. §§ 301 et seq., and regulations promulgated thereunder, and Plaintiff's

13  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

14  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and

15  with the specific determinations by FDA specifying the language that should be used in the

16  labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the

17  Supremacy Clause of the United States Constitution, Art. VI, cl. 2, and the laws of the United

18  States.

19                                   **Fifty-fourth Defense**

20  54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

21  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

22                                   **Fifty-fifth Defense**

23  55.    Defendant states on information and belief that the Complaint and each purported cause

24  of action contained therein is barred by the statutes of limitations contained in California Code

25  of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

26  may apply.

27                                   **Fifty-sixth Defense**

28  56.    Defendant states on information and belief that any injuries, losses, or damages suffered

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    by Plaintiff was proximately caused, in whole or in part, by the negligence or other actionable

2    conduct of persons or entities other than Defendant.   Therefore, Plaintiff's recovery against

3    Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

4    **Fifty-seventh Defense**

5    57.   To the extent that Plaintiff seekspunitive damages for an alleged act or omission of

6    Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil

7    Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

8    damages is also barred under California Civil Code § 3294(b).

9    **Fifty-eighth Defense**

10    58.   Defendant reserves the right to supplement its assertion of defenses as it continues with

11    its factual investigation of Plaintiff's claims.

12    **V.**

13    **JURY DEMAND**

14    Defendant hereby demands a trial by jury of all the facts and issue in this case pursuant to

15    Federal Rule of Civil Procedure 38(b).

16    **VI.**

17    **PRAYER**

18    WHEREFORE, Defendant prays for judgment as follows:

19    1.   That Plaintiff takes nothing from Defendant by reason of the Complaint;

20    2.   That the Complaint be dismissed;

21    3.   That Defendant be awarded its costs for this lawsuit;

22    4.   That the trier of fact determine what percentage of the combined fault or other liability of

23    all persons whose fault or other liability proximately caused Plaintiff's alleged injuries,

24    losses or damages is attributable to each person;

25    5.   That any judgment for damages against Defendant in favor of Plaintiff be no greater than

26    an amount which equals Plaintiff's proportionate share, if any, of the total fault or other

27    liability which proximately caused Plaintiff's injuries and damages; and

28    6.   That Defendant has such other and further relief as the Court deems appropriate.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

2  March 7, 2008                                        GORDON & REES LLP

3

4                                                       By: : _____ /s/ _____

5                                                           Stuart M. Gordon
                                                            sgordon@gordonrees.com
6                                                           Embarcadero Center West
                                                            275 Battery Street, 20th Floor
7                                                           San Francisco, CA 94111
                                                            Telephone: (415) 986-5900
8                                                           Fax: (415) 986-8054

9  March 7, 2008                                        TUCKER ELLIS & WEST LLP

10

11                                                      By: : _____ /s/ _____

12                                                          Michael C. Zellers
                                                            michael.zellers@tuckerellis.com
13                                                          515 South Flower Street, Suite 4200
                                                            Los Angeles, CA 90071-2223
14                                                          Telephone: (213) 430-3400
                                                            Fax: (213) 430-3409
15
                                                            Attorneys for Defendant
16                                                          PFIZER INC.

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY DEMAND**

2

Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this

3

case pursuant to 38(b) of the Federal Rules of Civil Procedure.

4

March 7, 2008                                                    GORDON & REES LLP

5

6

By: : _____/s/_____

7

Stuart M. Gordon
sgordon@gordonrees.com

8

Embarcadero Center West
275 Battery Street, 20th Floor

9

San Francisco, CA 94111
Telephone: (415) 986-5900

10

Fax: (415) 986-8054

11

March 7, 2008                                                    TUCKER ELLIS & WEST LLP

12

13

14

By: : _____/s/_____

15

Michael C. Zellers
michael.zellers@tuckerellis.com

16

515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223

17

Telephone: (213) 430-3400
Fax: (213) 430-3409

18

Attorneys for Defendant

19

PFIZER INC.

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111